UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BOSWORTH AND<br>TIFFANY BOSWORTH, Individually and<br>On behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC D/B/A<br>MR. COOPER<br><br>　　　　　Defendant. | Civil Action No.: _____<br><br>(Hampden County Superior Court<br>Civil Action No. 2079CV00276) |

## NOTICE OF REMOVAL

### I.　　INTRODUCTION

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Defendant" or "Mr. Cooper") hereby removes the action entitled *Michael Bosworth and Tiffany Bosworth, Individually and on behalf of all other similarly situated v. Nationstar Mortgage LLC d/b/a Mr. Cooper*, Massachusetts Superior Court, Docket Number 2079CV00276 (the "Superior Court Action"), to the United States District Court for the District of Massachusetts (the "District Court").  Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."**  The ground for removal is diversity jurisdiction, as follows:

　　1.　　Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

　　　　a.　　On or about July 8, 2020, Defendant received service of the Class Action Complaint and Jury Demand ("Complaint") of Plaintiffs Michael Bosworth and Tiffany Bosworth ("Plaintiffs")  along with a Summons, Superior Court Civil Action Cover Sheet, and a

Superior Court Tracking Order. True and accurate copies of these pleadings are attached as **Exhibit "B."**

  b. On or about August 3, 2020, Defendant also received service of a First Amended Class Action Complaint and Jury Demand ("Amended Complaint") of Plaintiffs Michael Bosworth and Tiffany Bosworth ("Plaintiffs") A true and accurate copy of the Amended Complaint is attached as **Exhibit "C."**

  c. This Notice of Removal, as dated below, is filed with the District Court within thirty (30) days of service of the initial pleadings in the Superior Court Action.

 2. Pursuant to 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the Plaintiffs and the Defendant.

  a. The Complaint alleges that the Plaintiffs are residents of Hampden County, Massachusetts. Amended Compl. ¶¶1 and 2. Plaintiffs are therefore citizens of Massachusetts.

  b. Plaintiffs in their Complaint also seek to represent a putative class of "customers of Defendant who had property in Massachusetts." Amended Compl. ¶ 62. Any putative class of plaintiffs are accordingly also citizens of Massachusetts.

  c. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper is a Delaware limited liability company with its principal place of business in the state of Texas. Amended Compl. ¶ 3. For purposes of diversity jurisdiction, Defendant is a citizen of both Delaware and Texas.

 3. Likewise, pursuant to 28 U.S.C. § 1332(a), the $75,000 amount-in-controversy requirement, exclusive of interest and costs, is met.

  a. "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed."

*Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at *3 (D.Mass. Aug. 13, 2013) (citing *Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995); *see also, e.g.*, *Stewart v. Tupperware Corp.*, 356 F.3d 335, 338 (1st Cir. 2004) (citation omitted) (same).

       b.    The amount-in-controversy requirement is met so long as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount." *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (quoting, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

       c.    "[I]t has long been the rule that a court decides the amount in controversy from the face of the complaint, 'unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" *Coventry*, 71 F.3d at 4 (quotations omitted).

       d.    It does not appear to a legal certainty that Plaintiffs are seeking less than $75,000 in damages in their Amended Complaint, inclusive of attorneys' fees, claimed under G.L. c. 93A.

       e.    This is furthermore supported by the fact that "[w]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F.Supp.2d 98, 101 (D. Mass. 2013) (quotation omitted).  Accordingly, while Defendant certainly denies that it would be responsible for multiple (or any) damages, Plaintiffs nonetheless seeks an award of treble damages under G.L. c. 93A in their Amended Complaint.

       f.    Although the Amended Complaint does not specify the actual amount of damages sought, Plaintiffs filed the Amended Complaint in Superior Court, which must reflect their understanding that they are seeking at least $25,000.00 in damages.  *See* G.L. c. 212, § 3

("The actions may proceed in the [Superior] court only if there is no reasonable likelihood that recovery by the plaintiff will be less than or equal to $25,000 . . . ."). In addition, although not dispositive, Plaintiffs Civil Action Cover Sheet claims damages of $25,000. Ex. A. Further, "[w]here multiple damages are allowed by law, the amount of single damages claimed shall control." *Id.* Thus, if Plaintiffs' base damages can be no less than $25,000, which then if trebled, with any amount for attorneys' fees sought, would exceed $75,000, the amount in controversy requirement is met. *See Lucas*, 973 F.Supp.2d at 101.

4. Pursuant to LR 40.1(c)(2), the Western Division of the District of Massachusetts is the proper venue for removal, because this Division includes Hampden County, in which the Superior Court Action was filed, and where Plaintiffs reside, on information and belief.

5. No other initial pleadings were served upon Defendant in the action. See 28 U.S.C. § 1446(a). Pursuant to LR 81.1, Defendant will, within twenty-eight (28) days after filing this Notice of Removal, filed certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously filing a copy of the Notice of Removal of the action with the Hampden County Superior Court Department of the Massachusetts Trial Court, in the Superior Court Action. Defendant will serve Plaintiffs with a copy of this Notice of Removal and the Notice filed in the Superior Court Action.

7. By virtue of this Notice of Removal and the Notice filed in the Superior Court Action, Defendant does not waive its right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,
DEFENDANT NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER
By its attorney,

/s/ Jason A. Manekas
Jason A. Manekas, Esq. (BBO # 632073)
Meredith A. Swisher, Esq. (BBO # 646866)
BERNKOPF GOODMAN LLP
Two Seaport Lane, 9th Floor
Boston, MA  02210
Telephone: (617) 790-3000
Fax: (617) 790-3300
jmanekas@bg-llp.com
mswisher@bg-llp.com

Dated: August 6, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL BOSWORTH AND TIFFANY BOSWORTH, Individually and On behalf of all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER<br><br>      Defendant. | Civil Action No.: _____<br><br>(Hampden County Superior Court Civil Action No. 2079CV00276) |

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or sent by email and first-class mail to any persons indicated as non-registered participants on this date.

Signed under the pains and penalties of perjury this 6th day of August, 2020.

                                              /s/ Jason A. Manekas
                                               Jason A. Manekas

898417 v3/38755/564